Virginia DONALDSON, Individually and as Administratrix of the Estate of Robert Donaldson, deceased, Plaintiff,

v.

HAMBURG SAVINGS BANK, the Savings Banks Retirement System, Joseph Werner, Individually and as President/Chairman of the Board of Directors and Member of the Employees Benefits Committee of Hamburg Savings Bank, Roy C. Schoenhaar, Individually and as President and Member of the Employee Benefits Committee of the Hamburg Savings Bank, Robert F. Pondt, Individually and as Executive Vice President of the Hamburg Savings Bank and Paul S. LaRosa, Individually and as Assistant Vice President of Hamburg Savings Bank Retirement Plan, Defendants.

No. 82 CIV 706.

United States District Court,
E.D. New York.

June 29, 1983.

Fleck, Fleck & Fleck, Garden City, N.Y., for plaintiff; Wm. Donald Fleck, Garden City, N.Y., of counsel.

Cullen & Dykman, Brooklyn, N.Y., Milbank, Tweed, Hadley & McCloy, New York City, for defendants.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

By this action, brought under § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, plaintiff seeks a declaration that she is entitled to full disability pension benefits under the Retirement Plan of Hamburg Savings Bank ("the Plan.") She also requests an award of the difference between the pension benefits that she has been receiving and those she would be receiving under the disability provision of the Plan. Demands for damages for fraud, misrepresentation, breach of fiduciary duty, and failure to provide pension information are also included in the complaint.

Defendants have moved for summary judgment, pursuant to Rule 56, Fed.R. Civ.P. For the reasons developed below, the motion is granted, and the case is dismissed.

## FACTS

Plaintiff is the administratrix of the estate of Robert Donaldson.

Defendant Hamburg Savings Bank ("Hamburg"), organized and operating under New York law, offers its employees a Retirement and Disability Plan. That Plan is administered by defendant Savings Banks Retirement System ("SBRS"), a not-for-profit trust created under New York law for the purpose of providing retirement benefits for the employees of member savings banks.

The individual defendants are: Joseph Werner, former President and current Chairman of the Board of Directors of Hamburg; Roy C. Schoenhaar, current President of Hamburg; Paul S. LaRosa, Assistant Vice President of Hamburg; and Robert F. Pondt, Executive Vice President of Hamburg. In addition, defendants Werner and Schoenhaar are members of the Employee Benefits Committee of Hamburg, which has the responsibility of reviewing applications for retirement benefits, and LaRosa is the Administrator of Hamburg's Retirement Plan.

Plaintiff's deceased husband, Robert Donaldson, was employed by Hamburg for thirty-two years. During that time, he held various positions, including Vice President and Controller. On or about January 9, 1980, while still in Hamburg's employ, decedent was hospitalized for a heart condition.

On February 1, 1980, LaRosa visited Robert Donaldson in the hospital, and discussed various pension benefit options. LaRosa states, by affidavit, that he informed Donaldson that he was eligible to apply for Disability Retirement which would yield higher benefit payments than a Normal or Early Retirement. Donaldson responded by signing a Disability Retirement Application, which he then gave to LaRosa. Affidavit of Paul S. LaRosa, ¶¶ 5(a)–(c).

Robert Donaldson died on February 3, 1980. Plaintiff subsequently inquired about the Disability Benefits, but was informed by Pondt that decedent was not eligible. Plaintiff's request for a copy of her husband's application was denied, in writing, by LaRosa.

Plaintiff, who has been receiving benefits under the Constructive Option Provision of the Plan, responded to the denial of her request for Retirement Disability Benefits by instituting this suit.

## DISCUSSION OF LAW

The Disability Retirement Plan under which plaintiff seeks to recover contains several provisions that are significant in this litigation. Section 6.5 of the Plan defines the requirements for receipt of benefits:

> Disability Retirement Benefit shall only be payable to a Participant who is deemed by the Committee to be totally and permanently disabled.

Section 6.5 must be read in conjunction with Section 6.10.1, which sets forth the method of applying for benefits. Under 6.10.1, an employee seeking retirement benefits

shall on Termination of Service with the Plan Employer be retired with a Normal, Early, Vested or Disability Retirement Benefit on request either by the Participant, or the Plan Employer on the Participant's behalf, using an application form approved by the Trustees for such purposes executed in writing and filed not later than thirty (30) days prior to the commencement of the Participant's Benefit payments.

Perhaps sensing that the above section is less than a paragon of clarity, Hamburg also provides a Summary Plan Description which states, in Part XII: "Not later than 30 days before the date you wish your retirement benefit to commence, you must file a completed Application for Retirement with the Committee."

By the terms of the Plan, Termination of Service occurs on "the earlier of the date as of which the Participant quits, is discharged, retires or dies." In this case, February 3, 1980, the date of Robert Donaldson's death, was the date of Termination of Service.

Defendants, pointing to the requirements of the Plan, make two discrete arguments for the denial of Retirement Disability benefits: (1) Section 6.5 requires a Committee determination that was never made; and (2) under Section 6.10.1 of the Plan, a claimant must file for those benefits not later than thirty days before Termination of Service. The two points are related, according to defendants, because one purpose of the thirty-day requirement is to allow the Committee sufficient time to review the applica-

tion. Defendants make the further point that another purpose of the thirty-day delay is to avoid the very situation presented here: death-bed elections of high-yield pension plans. Noting that plaintiff is receiving benefits under the Constructive Option Plan, defendants argue that to permit such last-minute elections would be to "undermine the actuarial assumptions on which the funding of the Plan is based." Defendants' Reply Memorandum of Law at 17, *citing Bayles v. Central States, Southeast and Southwest Areas Pension Fund,* 602 F.2d 97, 100 (5th Cir.1979).

Plaintiff contends that the thirty-day requirement is not stated as a condition precedent to the receipt of benefits, and that defendants are therefore precluded from raising non-compliance with the requirement as a defense to payment. Plaintiff also appears to argue that, because the procedural requirements under both the Retirement Disability Benefits and the Constructive Option Plan are ambiguous, the Plans must be read against the party who drafted them: in this case, the defendants. Finally, plaintiff notes that the defendants knew that decedent would be entitled to Disability Benefits. Therefore, it is urged, the purported justification for the thirty-day waiting period disappears, because there was no need for the Committee to review decedent's application.

I begin by noting that the Court has limited authority to disturb decisions reached by administrators of pension plans that are subject to ERISA. Such determinations must be sustained absent a finding of arbitrary or capricious action. *Smith v. CMTA–IAM Pension Trust,* 654 F.2d 650, 654 (9th Cir.1981). This is particularly true where, as here, the plan itself [1] accords broad discretion to the fiduciaries. *Rosen-*

---

1. Discretion is conferred by §§ 3.7(f), 3.8(a) & (b) of the Plan. Section 3.7(f) provides:

Except as otherwise provided in the Agreement, the Committee shall have the power to construe the provisions of the Plan and to determine any questions of fact which may arise thereunder.

Section 3.8 states, in pertinent part:

Without limitation of any other duties imposed upon or powers granted to the Commit-

tee under the Plan of the Agreement, the Committee shall have the following duties and powers:

(a) to construe and interpret the Plan and decide all questions of eligibility for participation and benefits with respect thereto;

(b) to prescribe procedures to be followed by Participants or Beneficiaries filing application for benefits . . . .

thal v. National Life Insurance Co., 486 F.Supp. 1018, 1022 (S.D.N.Y.1980). It follows that, "as between two competing interpretations of the Plan," I am "bound by that of the administrators if it is not arbitrary [or] capricious." *Fontecchio v. United Steelworkers,* 476 F.Supp. 1023, 1027 (D.Colo.1979). *See also Riley v. MEBA Pension Trust,* 570 F.2d 406, 412 (2d Cir. 1977).

■ I find that the decision not to award Disability Retirement Benefits was neither arbitrary nor capricious. Plaintiff has not alleged that her claim was treated differently from that of any other applicant. Further, contrary to the plaintiff's conclusory assertion, the thirty-day requirement is unambiguously stated. Faced with such clear language, and with the persuasive actuarial rationale supporting the denial, I am not swayed by plaintiff's argument that a different result should obtain because defendants knew of plaintiff's condition.

■ Having resolved the central issue, I find that plaintiff's allegations of fraudulent misrepresentation and of breach of fiduciary duty quickly crumble. First, there was no misrepresentation of fact in defendants' statement that plaintiff did not qualify for the claimed benefits because, as mentioned above, this statement was true. Moreover, statements to the contrary could not justifiably be relied upon, since plaintiff had been in possession of a copy of the Plan that plainly precluded payment of Disability Retirement Benefits.

■ The claim for breach of fiduciary duty fails for a similar reason. Plaintiff was not entitled to the Disability Retirement Benefits; therefore, defendants were not remiss in granting the Constructive Option Plan benefits instead of the Disability Retirement Benefits. There was no breach of fiduciary duty.

**2.** I also note that plaintiff has failed to draw the Court's attention to specific provisions of ERISA that defendants are alleged to have violated.

**3.** The parties have extensively briefed the issue whether decedent was eligible for Retirement

■ Plaintiff's final two claims, however, are more troublesome. Issues of fact exist regarding whether defendants failed to provide a formal, written explanation for the denial of benefits, and whether they failed to disclose or to provide access to information. Even if plaintiff is correct, however, nothing in her Complaint or in the moving papers indicates that any damage flowed from these actions. In such a case, even if plaintiff makes out a statutory violation,[2] courts have held that the absence of prejudice removes the basis for an award of damages. *See Shlomchik v. Retirement Plan of Amalgamated Insurance Fund,* 502 F.Supp. 240, 245 (E.D.Pa.1980); *Pollock v. Castrovinci,* 476 F.Supp. 606, 612 (S.D.N.Y. 1979).

Because I agree that damages should not be awarded when a party's failure to comply with ERISA's formal requirements does not prejudice the other, summary judgment is also granted as to plaintiff's fourth and fifth causes of action.[3]

SO ORDERED.

Disability status because he was already collecting a military disability pension from the United States Government. Having decided on independent grounds that plaintiff cannot collect under the Retirement Disability Plan, however, I find it unnecessary to address this issue.