**NYSA–ILA GAI FUND, NYSA–ILA Vacation and Holiday Fund and NYSA–ILA Container Royalty Fund, Plaintiffs,**

v.

**Joseph M. POGGI, Defendant.**

**No. 85 Civ. 2249 (RWS).**

United States District Court, S.D. New York.

Sept. 16, 1985.

Lambos, Flynn, Nyland & Giardino, Thomas W. Gleason, New York City, for plaintiffs; William M. Spelman, Charles Goldburg, New York City, of counsel.

Edward J. Quinlan, New York City, for defendant.

## OPINION

SWEET, District Judge.

In response to the motion of plaintiffs NYSA–ILA GAI Fund, the NYSA–ILA Vacation and Holiday Fund and the NYSA–ILA Container Royalty Fund (the "Funds") to amend their complaint, defendant Joseph M. Poggi ("Poggi") has brought a cross-motion to dismiss the complaint on the basis that the court lacks subject matter jurisdiction over the case. Poggi's motion will be granted with leave to amend.

### Pleadings

The Funds have been established pursuant to the collective bargaining agreements between New York Shipping Association, Inc. and the International Longshoremen's Association. They seek damages due to Poggi's alleged wrongful acceptance of fund benefits between 1972 and 1984 and now request leave to amend the complaint to include two additional causes of action based on fraud and violations of the Employee Retirement Income Security Act ("ERISA"). Federal jurisdiction has been invoked pursuant to three alternative grounds: (1) Section 301 of the Labor Management Relations Act of 1947 (the "LMRA"), 29 U.S.C. § 185; (2) Section 502 of the Employee Retirement Security Act, 29 U.S.C. § 1132; and (3) 28 U.S.C. § 1332.

## Discussion

### 1. Federal question jurisdiction

Section 502 of ERISA, 29 U.S.C. § 1132(f), provides that the district courts shall have jurisdiction over any civil action brought by a pension plan fiduciary to obtain relief for a violation of fiduciary duty, § 1132(a)(2); to enjoin any act or practice which violates the pension plan or ERISA, § 1132(a)(3)(A); or to obtain other appropriate equitable relief, § 1132(a)(3)(B). The same section allows a pension plan participant or beneficiary to bring a civil action to recover benefits due under the plan or to clarify rights to future benefits.

■ The language of this section indicates that federal jurisdiction only attaches to those actions brought by fiduciaries to ensure continuing compliance with either the pension plan itself or the broader requirements of ERISA. There is no indication from the statute, nor have the Funds cited any relevant case law, which supports their argument that a pension plan fiduciary may bring a federal action under this section to recover for past damages based on breach of contractual obligations under a pension plan. Therefore, while a pension plan beneficiary clearly does have the right to bring an action in federal court to recover benefits past due, there is no symmetrical grant of jurisdiction over actions by pension plans to recover benefits wrongfully paid out.

As a separate basis for the court's jurisdiction, the Funds assert that their action is a suit "for violation of contracts between an employer and a labor organization representing employees" and therefore may be brought in federal district court under § 301 of the LMRA. It is accepted that the contracts encompassed by section 301 include not only the collective bargaining agreements between employers and labor organizations, but also pension plan agreements which are required by the collective bargaining agreement. *See Alvares v. Erickson*, 514 F.2d 156, 161 (9th Cir.), *cert. denied*, 423 U.S. 874, 96 S.Ct. 143, 46 L.Ed.2d 106 (1975); *Whelan v. Colgan*, 602 F.2d 1060 (2d Cir.1979). Nevertheless, the Second Circuit has had a restrictive view of federal court jurisdiction over pension plan disputes. With regard to disputes arising prior to the effective date of ERISA, this Circuit frequently refused to allow federal courts to assume a "roving jurisdiction" to examine the propriety of a trustee's denial of an individual pension, *Riley v. MEBA Pension Trust*, 570 F.2d 406, 412 (2d Cir. 1977); *Cuff v. Gleason*, 515 F.2d 127 (2d Cir.1975); *Beam v. International Organization of Masters*, 511 F.2d 975, 978 (2d Cir.1975) and has refused to find that federal jurisdiction extended to actions brought by pension plan beneficiaries asserting individual claims of wrongful denial of benefits. Of course, following the enactment and effective date of ERISA, Congress explicitly provided a right of action in federal courts to all beneficiaries where the courts had refused to imply one.

■ In ERISA, Congress provided a federal right of action only for individual claims raised by plan beneficiaries themselves. This limitation in the statutory jurisdictional grant that specifically addresses suits to enforce ERISA pension plan agreements makes it inappropriate to imply a jurisdictional grant in section 301 of the LMRA.

### 2. Diversity jurisdiction

The Funds seek to establish diversity jurisdiction based on each Fund's principal place of business in New York and Poggi's New Jersey residence. However, the Funds themselves are not the proper parties to prosecute this action, despite the provisions of 29 U.S.C. § 1132(d)(1) which allow that an "employee benefit plan may sue or be sued under this subchapter as an entity." Since this action does not arise under ERISA, however, it is necessary to examine more general principles regarding civil actions brought on behalf of trust funds.

■ Rule 17(a) of the Federal Rules of Civil Procedure provides that a trustee of an express trust is a real party in interest which may file suit. This standard also guides the determination of which persons'

**850**

citizenship must be considered in evaluating whether diversity jurisdiction exists. *See Navarro Savings Ass'n v. Lee,* 446 U.S. 458, 462 n. 9, 100 S.Ct. 1779, 1782 n. 9, 64 L.Ed.2d 425 (1980). As the *Navarro* case explains, "a trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Id.* at 464, 100 S.Ct. at 1783. This standard controls the present case and therefore, the trustees of the Funds are both the proper plaintiffs in this action and the persons whose citizenship will be determinative of whether federal jurisdiction attaches to this case. *See also Carpenters & Millwrights Health Benefit Trust Fund v. Domestic Insulation Co.,* 387 F.Supp. 144, 147 (D.Colo.1975); J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 17.04 (2d ed. 1985). Without pleadings which set forth the citizenship of all the trustees to the Funds, it is impossible to assert jurisdiction on the basis of diversity.

**Conclusion**

For the foregoing reasons, defendants' motion is granted and the complaint will be dismissed. Judgment will be stayed for twenty (20) days to allow plaintiffs to replead their complaint.

IT IS SO ORDERED.