William J. QUESNELL and Donna
Quesnell, Plaintiffs,

v.

MILWAUKEE AREA TRUCK DRIVERS
HEALTH AND WELFARE
FUND, Defendant.

Civ. A. No. 84-C-424.

United States District Court,
E.D. Wisconsin.

Dec. 13, 1985.

Marjan R. Kmiec and Boyd M. McGranaghan, Milwaukee, Wis., for plaintiffs.

David Leo Uelmen and Christian Raisner, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This action was originally brought by an employee and his wife against both the employee's union's health and welfare fund and his employer's workmen's compensation insurance carrier. The plaintiffs alleged that on August 30, 1983, while William J. Quesnell was performing his duties to his employer, he suffered heat stroke and was taken to the hospital. He was still hospitalized at the time this action was filed. The plaintiffs further alleged that the defendant Milwaukee Area Truck Drivers Health and Welfare Fund ("MATDHWF") and, then defendant, Zurich Insurance Company negligently, in bad faith and in violation of contractual obligations delayed until February 18, 1984, paying plaintiffs benefits due them. On October 31, 1984, this Court granted Zurich Insurance Company's motion to dismiss the claim as to it, leaving MATDHWF as the sole defendant. MATDHWF now moves this Court to dismiss plaintiffs' claim for lack of jurisdiction under the Employee Retirement Income Security Act ("ERISA") and, alternatively, for summary judgment.

## I. JURISDICTION

The only basis alleged for this Court's jurisdiction in this case is the pre-emptive jurisdiction ERISA grants to federal courts over matters relating to any employee benefit plan. *See* 29 U.S.C. sec. 1144(a). The defendant claims that the United States Supreme Court has, by its decision in *Massachusetts Mutual Life Insurance Company v. Russell,* —— U.S. ——, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), excluded from ERISA jurisdiction any claim by the beneficiary of an employee benefits plan for extra-contractual damages incurred as a result of unreasonable delay by the plan trustee in processing a claim for benefits.

In *Russell,* a disabled employee who was a participant in an ERISA-regulated benefit plan received plan benefits for some five months after her disability, then was cut off for a period of five months, and finally was reinstated with full payment of retroactive benefits for the cut-off period. She sued in state court to recover damages caused by the allegedly improper five-month cut off. After the defendant removed the case to federal court plaintiff

asserted that ERISA secs. 409(a) (29 U.S.C. sec. 1109(a)) and 502(a)(2) (29 U.S.C. sec. 1132(a)(2)), no less than state law, afforded her a cause of action for extra-contractual damages caused by defendant's alleged bad faith in taking 132 days to process her claim.

The Supreme Court rejected the beneficiary's theory that the phrase "subject to such other equitable or remedial relief as the court may deem appropriate" of sec. 409(a) authorized an award of extra-contractual damages *to the beneficiary* since the statute by its terms provided relief only *"to such plan."* *Russell*, 105 S.Ct. at 3089–90. This Court must certainly agree with the defendant that the holding in *Russell* is dispositive as to any jurisdiction this Court is claimed to have under ERISA sec. 409(a).

However, the majority in *Russell* recognized that because the plaintiff-respondent had expressly disclaimed reliance on ERISA sec. 502(a)(3), the Supreme Court had no occasion to consider whether that or any other provision of ERISA, rather than section 409(a), authorizes recovery of extra-contractual damages. *Russell*, 105 S.Ct. at 3089, n. 5. The narrowness of the *Russell* holding was emphasized in Justice Brennan's concurrence in which Justices White, Marshall and Blackmun joined. The concurrence outlined a three-step inquiry which courts should make if asked to grant extra-contractual damages under sec. 502(a)(3).

[I]n resolving this and other questions concerning appropriate relief under ERISA, courts should begin by ascertaining the extent to which trust and pension law as developed by state and federal courts provide for recovery by the beneficiary above and beyond the benefits that have been withheld.... If a requested form of additional relief is available under state trust law, courts should next consider whether allowance of such relief would significantly conflict with some other aspect of the ERISA scheme. In addition, courts must always bear in mind the ultimate consideration whether allowance or disallowance of particular relief would best effectuate the underlying purposes of ERISA—enforcement of strict fiduciary standards of care in the administration of all aspects of pension plans and promotion of the best interests of participants and beneficiaries.

*Russell*, 105 S.Ct. at 3098–99 (J. Brennan concurring).

Employing this test, I find that the remedy plaintiff requests is not within the ambit of "other appropriate equitable relief" Congress intended to authorize under sec. 502(a)(3). Firstly, the plaintiff has brought to the Court's attention no state or federal law or equitable practice subjecting a trust itself to liability toward a beneficiary for compensatory or punitive damages caused by the tardy disbursement of trust benefits. Nor has the Court's own research disclosed such a case. This is not surprising because, secondly, such a practice would conflict with the policies behind both state trust law and behind ERISA, namely, that proceeds should be preserved for all the beneficiaries. Were this Court to create by analogy to state insurance law a claim for damages due to bad faith and apply it in this context, as the plaintiffs would have us do, pension trust funds could be prematurely exhausted for the benefit of one or a few beneficiaries. This surely would not effectuate the underlying purposes of ERISA. This Court has, therefore, no jurisdiction to hear this case. The defendant's motion for summary judgment must be granted.

IT IS THEREFORE ORDERED that the defendant's motion for summary judgment is granted and the plaintiffs' motion for summary judgment is denied.