**NYSA–ILA GAI FUND, NYSA–ILA Vacation and Holiday Fund and NYSA Container Royalty Fund, Plaintiffs,**

**v.**

**Joseph M. POGGI, Defendant.**

**No. 85 Civ. 2249 (RWS).**

United States District Court, S.D. New York.

Dec. 24, 1985.

---

## MEMORANDUM OPINION

SWEET, District Judge.

Plaintiffs, NYSA–ILA GAI Fund, NYSA–ILA Vacation and Holiday Fund and NYSA container Royalty Fund (collectively, the "Funds") have brought a motion for reargument pursuant to Local Rule 3(j) requesting that this court reconsider the September 16, 1985 opinion dismissing this action, 617 F.Supp. 847. The motion for reconsideration is hereby granted to permit the following amendment of the September 16 opinion.

The Funds correctly note on this motion that the September 16 opinion mischaracterized the Funds as "pension plans." The Funds, however, are not pension plans but rather are other types of ERISA benefit plans. Notwithstanding this amendment of the court's findings, the reasoning of the September 16 opinion still applies to the Funds. Each of the ERISA sections relied upon by the September 16 opinion are applicable to ERISA "fringe benefit trust funds" as well as pension funds. *See* 29 U.S.C. § 1132(a)(2); (a)(3)(A); (a)(3)(B). Moreover, the case law of this Circuit which restricted the federal court's jurisdiction over individual pension plan disputes supports the denial of jurisdiction in the present context of a fringe benefit plan.

The Funds' citation of this court's decision in *NYSA–ILA GAI Fund v. Rinaldi*, 100 Labor Rel. Case Rep. (CCH) ¶ 10,838 (S.D.N.Y.1983), is not of significant precedential value since the opinion of the Honorable Charles S. Haight, Jr. assumed without question an apparent opposition that jurisdiction was proper under 29 U.S.C. § 301. However, as stated in *Hagans v. Lavine*, 415 U.S. 528, n. 5 at 535, 94 S.Ct. 1372, n. 5 at 1378 (1974):

> When questions of jurisdiction have been passed on in prior decisions *sub silentio*, this Court has never considered itself bound when a subsequent case finally brings the jurisdictional issue before us.

Upon reconsideration, the September 16 opinion dismissing this action, having been amended as provided herein, is reaffirmed.

IT IS SO ORDERED.