## NORTHERN CALIFORNIA FOOD EMPLOYERS & RETAIL CLERKS UNIONS BENEFIT FUND and Gordon Costa, Administrator, Plaintiffs,

v.

## DIANDA'S ITALIAN–AMERICAN PASTRY CO., INC., Defendant.

### No. C–85–3680 SC.

United States District Court, N.D. of California.

Oct. 3, 1986.

---

Fred D. Lonsdale, Davis, Cowell & Bowe, San Francisco, Cal., for plaintiffs.

Robert R. Wood, Athearn, Chandler & Hoffman, San Francisco, Cal., for defendant.

## ORDER DENYING MOTION
## TO DISMISS

CONTI, District Judge.

Plaintiff Northern California Food Employers and Retail Clerks Unions Benefit Fund ("Benefit Fund") and plaintiff Gordon Costa, the administrator of the Benefit Fund, bring this action under ERISA. Plaintiffs seek to enforce the terms of an employee benefit plan ("the plan") and to recoup benefits improperly paid as a result of defendant's alleged inaccurate reporting of its employee's hours. Plaintiffs claim that the plan obligates defendant to pay employee contributions and to provide accurate information to the Benefit Fund. Plaintiffs assert that in January 1979 defendant "willfully and falsely" reported an incorrect number of hours for an employee named Maria Patrito. Plaintiffs Complaint ¶ 9. Plaintiffs allege that based on defendant's incorrect information, the Benefit Fund found Patrito eligible for benefits. Subsequently, the Benefit Fund paid Patrito $42,805.63 in medical benefits. Plaintiffs claim that in December 1984 they discovered that defendant had reported false information regarding Patrito's hours. Plaintiffs allege that, in fact, Patrito had never worked a sufficient number of hours to be eligible for benefits. The matter is presently before the court on defendant's motion to dismiss for lack of jurisdiction.

29 U.S.C. § 1132(a)(3)(B) authorizes a civil action by fiduciaries of an employee benefit plan to obtain appropriate "equitable relief to redress ... violations" of the plan or to enforce the terms of the plan. Section 1132(e)(1) grants the district court exclusive jurisdiction to hear such actions. Section 1144(a) provides generally that ERISA supercedes state law that relate to any employee benefit plan.

Plaintiffs' action seeks to redress the defendant's alleged violation of the plan. Plaintiffs assert that defendant had the obligation under the plan to report accurate information to the Benefit Fund. Plaintiffs claim defendant provided false information leading to a loss of $42,807.63 in improperly paid benefits. Plaintiffs ask defendant to reimburse the Benefit Fund in the amount of $42,807.63 plus interest to compensate for defendant's alleged violation.

Defendant asserts that 29 U.S.C. § 1132(a)(3)(B) does not apply to plaintiffs' action since plaintiffs are seeking reimbursement from defendant. Defendant claims § 1132(a)(3)(B) only offers "equitable" relief not damages. Defendant also appears to argue that plaintiffs' action arises as a state cause of action. Thus, Defendant maintains that this court lacks jurisdiction to hear plaintiffs' claim.

The court rejects defendant's assertion that § 1132(a)(3)(B) does not authorize

plaintiffs' action. Defendant cites *NYSA–ILA GAI Fund v. Poggi,* 617 F.Supp. 847 (S.D.N.Y.1985) as authority for its proposition. The court does not consider this case as controlling authority. Section 1132(a)(3)(B) allows for the "redress of [plan] violations". Such "redress" includes compensating the plan for money lost due to such violations. The court notes Justice Brennan's concurring opinion in *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) as persuasive:

> Trust-law remedies are equitable in nature and include provision of monetary damages. See, e.g. G. Bogert & G. Begert, Law of Trusts and Trustees § 862 (2d ed 1982) . . . Restatement (Second) of Trusts §§ 199, 205 (1959). Thus while a given form of monetary relief may be unavailable under ERISA for other reasons, see infra, at ——, . . . it cannot be withheld simply because a beneficiary's remedies under ERISA are denominated "equitable."

*Russell,* 473 U.S. at ——, ft. 10, 105 S.Ct. at 3091, ft. 10, 87 L.Ed.2d at 111, ft. 10.

Furthermore, a state law claim appearing in plaintiffs' allegations does not defeat federal jurisdiction. Section 1132(e)(1) specifically grants this court jurisdiction over plaintiffs' action.

The court finds that plaintiffs have properly stated a claim under 29 U.S.C. § 1132(a)(3)(B). This court has jurisdiction pursuant to 29 U.S.C. § 1132(e)(1). Thus, the court denies defendant's motion to dismiss for lack of federal jurisdiction.

Plaintiffs request the court to impose sanctions against defendant pursuant to Fed.R.Civ.P. 11. The court denies plaintiffs' request.

In accordance with the foregoing, it is hereby ordered that:

(1) defendant's motion to dismiss is denied; and,

(2) plaintiffs' request for Rule 11 sanctions is denied.