**KENTUCKY LABORERS DISTRICT COUNCIL HEALTH and WELFARE FUND, Plaintiff–Appellant,**

v.

**Bobby L. HOPE, Jr. and Verna Denise Chambers, Defendants–Appellees.**

No. 87–6311.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 7, 1988.

Decided Nov. 25, 1988.

Charles R. Isenberg, Segal, Isenberg, Sales, Stewart and Cutler, Louisville, Ky., James E. Isenberg, Thomas J. Schulz, argued, for plaintiff-appellant.

David Yewell, Rummage, Kamuf, Yewell and Pace, Owensboro, Ky., David C. Condon, argued, for defendants-appellees.

Before KENNEDY, KRUPANSKY and BOGGS, Circuit Judges.

KENNEDY, Circuit Judge.

Plaintiff-appellant, Kentucky Laborers District Council Health and Welfare Fund, an ERISA-governed health and welfare plan, brought this action against defendants-appellees to recover benefits allegedly paid in violation of the plan. Defendant Hope allegedly had submitted claim forms for defendant Verna Denise Chambers which falsely stated that she was still his wife. The District Court dismissed the action *sua sponte*, holding that it lacked subject matter jurisdiction under 29 U.S.C. § 1132. We conclude that even if jurisdiction was lacking under section 1132, the District Court had jurisdiction under 28 U.S.C. § 1331 because ERISA preempts plaintiff's state law claims.[1]

ERISA explicitly preempts state laws "insofar as they ... relate to any employee benefit plan." 29 U.S.C. § 1144(a). Both the history of ERISA and case law emphasize the expansive scope of this provision. It was "intended to apply in its broadest sense to all actions of State or local governments," and to "reserv[e] to Federal authority the sole power to regulate the field of employee benefit plans." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 99, 103 S.Ct. 2890, 2901, 77 L.Ed.2d 490 (1983) (quoting 120 Cong. Rec. 29933, 29197 (1974)). The preemptive sweep of section 1144(a) is not limited to "state laws specifically designed to affect employee benefit plans," nor does it "pre-empt only state laws dealing with the subject matters covered by ERISA." 463 U.S. at 98, 103 S.Ct. at 2900. On the contrary, a law "relates to" a plan if it has any "connection with or reference to" the plan. *Pilot Life Ins. v. Dedeaux*, 481 U.S. 41, 47, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987) (holding ERISA preempts state contract and tort actions based on improper processing of claims for benefits). *See also Authier v. Ginsberg*, 757 F.2d 796, 800 (6th Cir.), *cert. denied*, 474 U.S. 888, 106 S.Ct. 208, 88 L.Ed.2d 177 (1985) ("Congress used 'relate to' in its broadest sense"). The intended breadth of section 1144(a) is illustrated by the fact that Congress considered it comparable to section 301 of the National Labor Relations Act, which displaces "entirely any state cause of action for violation of contracts between employers and labor organizations." *Dedeaux*, 107 S.Ct. at 1557 (citations omitted). *See also* H.R. Conf.Rep. No. 93–1280, at 327 (1974).[2]

---

1. The District Court relied on *NYSA–ILA GAI Fund v. Poggi*, 617 F.Supp. 847, *amended and reaff'd.*, 624 F.Supp. 443 (S.D.N.Y.1985), which held that while ERISA § 502 (29 U.S.C. § 1132) gives plan beneficiaries the right to bring federal actions to recover benefits, "no symmetrical grant of jurisdiction over actions by pension plans to recover benefits wrongfully paid out" exists. 617 F.Supp. at 849. The opposite conclusion was reached in *Northern California Food Employers v. Dianda's Italian–American Pastry Co.*, 645 F.Supp. 160 (N.D.Cal.1986). Because we find the District Court had jurisdiction under § 1331, we do not reach this issue.

2. The Supreme Court recently held that ERISA does not preempt state garnishment orders against a plan to enforce a judgment against plan participants. *Mackey v. Lanier Collections Agency & Serv., Inc.*, — U.S. —, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988). The Court concluded that "certain ERISA provisions, and several aspects of the statute's structure" indicate that Congress did not intend to forbid the use of state law mechanisms to execute judgments against a plan. *Id.*, 108 S.Ct. at 2186. However, nothing in *Mackey* suggests that the Court has repudiated its traditionally broad reading of

In *Whitworth Bros. Storage Co. v. Central States, Southeast & Southwest Areas Pension Fund*, 794 F.2d 221 (6th Cir.), *cert. denied*, 479 U.S. 1007, 107 S.Ct. 645, 93 L.Ed.2d 701 (1986), this Court applied section 1144 in a fact setting similar to the instant case. In *Whitworth* an employer brought a contract claim for restitution of payments mistakenly made to an ERISA-governed pension plan. Like the District Court in the present case, the *Whitworth* Court found that section 1132's express jurisdictional grant did not apply, and that the employer had neither an express nor implied cause of action under ERISA. However, the Court held that the employer did have a federal common law claim. Noting the Supreme Court's admonition that section 1144(a) should be construed broadly, the Court concluded that the employer's restitution claim clearly "relate[d] to" the plan, since determining whether the employer had overpaid the plan "inevitably requires interpretation" of the plan's provisions. Thus, ERISA preempted the employer's state law restitution claim. Therefore, the Court concluded, the employer's claim must arise under federal common law,[3] which is encompassed by the District Court's federal question jurisdiction (28 U.S.C. § 1331). 794 F.2d at 234–36. *See also Northeast Dept. ILGWU v. Teamsters Local No. 229*, 764 F.2d 147 (3d Cir.1985); *Airco Indus. Gases v. Teamsters Health & Welfare Pension Fund*, 618 F.Supp. 943 (D.Del.1985).

That same reasoning is applicable here. As in *Whitworth*, appellant's action to recover benefits allegedly received by Hope in violation of the plan "relates to" the plan. Determining whether appellees defrauded the plan "inevitably" will require the Court to examine the plan. 794 F.2d at 234.

The District Court found the nexus between the plan and the cause of action insufficient to warrant federal jurisdiction, since "interpretation of the plan [was] not required" in the present case. We decline to adopt this "no-interpretation" standard for several reasons. Congress employed the phrase "relate to" in its broadest common sense meaning, *Dedeaux*, 107 S.Ct. at 1553; and a cause of action premised on a violation of an ERISA-governed plan logically relates to the plan, even if its terms are unambiguous. Moreover, we believe the standard employed by the District Court would prove impracticable in the broad spectrum of cases, because the extent of interpretation required in an action involving a plan will often not be apparent from the pleadings. Finally, Congress' goal of creating a coherent federal law of employee benefits supports a broad application of federal jurisdiction. ERISA's preemption provision was designed "to provide a uniform source of law." H.R.Rep. No. 93–533, 93d Cong.2d Sess., *reprinted in* 1974 U.S. Code Cong. & Admin. News 6546. Allowing state courts to decide claims involving an ERISA plan on the ground that the plan's provisions are clear would undermine this purpose.[4]

We hold that the District Court had jurisdiction to hear appellant's action. Whether it is phrased as a fraud claim or as an equitable action for restitution, appellant's claim requires the Court to examine the terms of an ERISA-governed plan. The action, therefore, relates to the plan and is preempted by section 1144(a). *Whitworth*, 794 F.2d at 233–36. Accordingly, appellant's claim arises under federal common

§ 1144(a), and the Court reaffirmed the principle that a law "relates to" a plan "if it has a connection with *or reference to* such a plan." *Id.* at 2185 (quoting *Shaw*, 463 U.S. at 96–97, 103 S.Ct. at 2900) (emphasis added by the Court).

3. The Court observed: "Other courts have recognized that the preemption of state law by ERISA and the congressional directive to develop a federal common law of employee benefit plans require application of *federal law to actions* premised on the contractual obligations created

by ERISA plans." *Whitworth*, 794 F.2d at 234–35 (citations omitted).

4. Of course, federal preemption is not warranted if the link between the plan and the cause of action is extremely remote or tenuous. For example, *Shaw* observed that garnishment of employee benefits for support payments would not implicate ERISA. 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21. This example clearly differs from the present case because it would not require the court to examine the terms of the plan.

law and falls within the District Court's federal question jurisdiction.

The judgment of the District Court is REVERSED and the action REMANDED for further proceedings consistent with this opinion.