**The GUARDIAN LIFE INSURANCE COMPANY OF AMERICA**

v.

**John M. CLAYDON and Representatives and Creditors of Barbara A. Claydon.**

**Civ. No. 3:93cv00438 (PCD).**

United States District Court, D. Connecticut.

March 16, 1994.

Edward R. Foley Jr., Branford, CT., E. Stanton Kennedy, Trumbull, CT., Edward F. Kunin, Law Offices of Edward F. Kunin, Bridgeport, CT., for plaintiff.

Francis W. Murphy, Barbara Coughlan, Tierney, Zullo, Flaherty & Murphy, Norwalk, CT., for Norwalk Hosp.

Amanda Pratt Siegel, Francis H. Morrison III, Day, Berry & Howard, Hartford, CT., for defendants.

*RULING ON MOTION TO DISMISS*

DORSEY, District Judge.

Plaintiff ("Guardian") brings this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C § 1001, *et seq.* ("ERISA"), against John M. Claydon and the representatives and creditors of Barbara A. Claydon. Defendant Claydon moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

## I. BACKGROUND

Plaintiff alleges that in 1991 Barbara A. Claydon, now deceased, made material misrepresentations in an application form for group insurance under a policy entered into between plaintiff and the decedent's employer. The policy is an employee welfare benefit plan as defined by ERISA. Amended Complaint ¶ 14, 18, 19. Plaintiff seeks rescission alleging that material misrepresentations induced it to extend coverage which, as to her, is null and void. Amended Complaint ¶ 20, 21. The policy contains an incontestability clause limiting the time during which Guardian may contest coverage to two years from the date of issue. Defendant moves to dismiss alleging that plaintiff's claims are preempted by ERISA and that plaintiff lacks standing to sue.

## II. DISCUSSION

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) involves a determination as to whether plaintiff has stated a claim upon which relief may be granted. That standard is articulated more fully in *Fischman v. Blue Cross Blue Shield,* 755 F.Supp. 528, 530 (D.Conn.1990). All well-pleaded allegations are accepted as true for purposes of this motion. *See Yale Auto Parts, Inc. v. Johnson,* 758 F.2d 54, 57 (2d Cir.1985).

ERISA permits actions by fiduciaries to obtain equitable relief to redress violations

of the terms of a plan or to enforce the terms of a plan. Title 29 U.S.C. § 1132 provides in pertinent part that a civil action may be brought:

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of this plan. . . .

29 U.S.C. § 1132(a)(3). The parties agree that plaintiff is a fiduciary under the plan. The question is whether plaintiff's claim is an action to obtain equitable relief to redress violations or enforce provisions of the plan or the subchapter.

■ Defendant argues that Guardian's suit is not for equitable relief, citing *Gulf Life Insurance Co. v. Arnold,* 809 F.2d 1520 (11th Cir.1987), which held that an insurer's declaratory judgment action did not seek equitable relief under § 1132(a)(3). Fraud in the procurement of insurance is provable as a defense in an action at law upon the policy, rendering resort to equity unnecessary. *American Life Insurance Co. v. Stewart,* 300 U.S. 203, 211, 57 S.Ct. 377, 378, 81 L.Ed. 605 (1937).

However, an equitable action for rescission of an insurance contract containing an incontestability clause is available to the insurer. *Id.; see also Phoenix Mutual Life Insurance Co. v. Brenckman,* 148 Conn. 391, 171 A.2d 194 (1961). In *Stewart,* the U.S. Supreme Court held that an insurer may "assume the offensive by going into equity" to cancel policies based on fraudulent misstatements in the application where, as here, the policies provided that they would cease to be contestable after a stated time. *Stewart,* 300 U.S. at 211, 57 S.Ct. at 378. Guardian's action is therefore different from the claim asserted by the insurer in *Arnold,* where "[b]ut for the Declaratory Judgment Act, the only way this suit could have arisen is as a suit by [the insured] to collect the severance pay he claims is due—a legal, not equitable, action." *Arnold,* 809 F.2d at 1523.

Defendant further argues that the action is not brought, as required by 29 U.S.C. § 1132(a)(3)(B), "to redress such violations or to enforce any provisions of this subchapter or the terms of this plan." Misrepresentations on an application for insurance under a plan would violate that plan; hence a suit to rescind the policy is an action to enforce the terms of the plan. *See Blue Cross and Blue Shield of Alabama v. Weitz,* 913 F.2d 1544, 1548 (11th Cir.1990) (insurer's suit for restitution based on material misrepresentations "would tend to preserve the integrity of ERISA-governed funds, which is consonant with the central goals of ERISA."); *Northern California Food Employers & Retail Clerks Unions Benefit Fund v. Dianda's Italian–American Pastry Co., Inc.,* 645 F.Supp. 160, 161–62 (N.D.Cal.1986) (fund's action against employer to recover amounts mistakenly paid to ineligible employee is suit to redress plan violations).

In *Arnold,* the Eleventh Circuit held that the insurer's suit did not seek "to enforce" the subchapter or the terms of the plan, because the insurer's action was "unnecessary to further the statute's purpose" in light of the fact that the insurer could simply deny payment to enforce the terms of the plan. *Arnold,* 809 F.2d at 1523. Such is not the case here. Because of the incontestability clause, Guardian cannot wait for the insured to sue for coverage, since any such suit might be brought after the two year period, too late for Guardian to contest coverage by asserting the defense of material misrepresentations.

Defendant appears to be arguing that plaintiff's claims are state causes of action. ERISA "shall supersede any and all State laws insofar as they now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Plaintiff seeks relief under ERISA, not under state law. An action by Guardian as a fiduciary is proper under § 1132(a)(3). Federal common law principles under ERISA may be applied to adjudicate plaintiff's claim. *See Nash v. Trustees of Boston University,* 946 F.2d 960, 964–65 (1st Cir.1991); *Serra v. United Technologies Corp.,* Civ. No. 2:92CV00406 (AVC), Ruling on Defendant's Motion to Dismiss (March 12, 1993), at 8.

## III. CONCLUSION

Accordingly, defendant's motion to dismiss (doc. # 6) is DENIED.

SO ORDERED.