24 F.3d 248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 NORTH AMERICAN TOOL & DIE INC., a California corporation,
Plaintiff-Appellant,
v.
BLUE CROSS OF CALIFORNIA, a California corporation,
Defendant-Appellee.
 No. 92-16903.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 17, 1994.
Decided April 28, 1994.
 
 1
 Before: REINHARDT and LEAVY, Circuit Judges, and McLAUGHLIN,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiff North American Tool & Die, Inc. ("North American") appeals the grant of summary judgment in favor of Blue Cross. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 4
 * Standard of Review
 
 
 5
 We review the grant of summary judgment de novo. Church of Scientology v. IRS, 991 F.2d 560, 562 (9th Cir.1993). Also, we review de novo the district court's determination that ERISA preempts state law. Aloha Airlines, Inc. v. Ahue, 12 F.3d 1498, 1500 (9th Cir.1993); Ruocco v. Bateman, Eichler, Hill, Richards, Inc., 903 F.2d 1232, 1235-1236 (9th Cir.1990), cert. denied, 499 U.S. 899, 111 S.Ct. 254 (1990).
 
 II
 Analysis
 
 6
 ERISA preemption. North American contends that its claim for refund of mistakenly paid subscription charges for ineligible employees does not relate to an ERISA plan and, accordingly, North American's cause of action for restitution is not preempted. We disagree. North American is a member of the California Association of Employers Group Health Trust Fund, which is a "multiple employer welfare arrangement" under ERISA. 29 U.S.C. Sec. 1002(40). The resolution of North American's claim for refund requires examination and interpretation of the ERISA plan documents. Therefore, North American's claim "relates to" this ERISA plan and, accordingly, the claim is preempted by ERISA. See Whitworth Bros. Storage Co. v. Cent. States, 794 F.2d 221, 233-235 (6th Cir.1986), cert. denied, 479 U.S. 1007, 107 S.Ct. 645 (1986) (employer's claim for restitution "relates to" the ERISA benefit plan in question, so federal, and not state, law applies to the claim); Ky. Laborers Dist. Council Health & Wel. v. Hope, 861 F.2d 1003, 1005 (6th Cir.1988) (fraud and restitution claim to recover benefits allegedly received in violation of an ERISA plan is preempted by ERISA); Provident Life & Acc. Ins. Co. v. Waller, 906 F.2d 985, 992-994 (4th Cir.1990), cert. denied, 498 U.S. 982, 111 S.Ct. 512 (1990) (unjust enrichment claim requires examination of ERISA and its policy objectives; therefore federal law governs the claim).
 
 
 7
 Restitution. Because no genuine issues of fact existed, the district court assumed, without deciding, that North American had a cause of action for restitution under federal common law but, nevertheless, granted summary judgment for Blue Cross. We agree. Under the disputed facts, the equities favor Blue Cross rather than North American.
 
 
 8
 The Group Benefit Agreements obligated North American to "supply up-to-date eligibility information." Blue Cross was entitled to "rely upon the latest information received as correct without verification;" however, Blue Cross maintained the right to verify eligibility information. The Group Benefit Agreements also specifically provided that "subscription charges paid for an ineligible member are not returned to the group, whether or not benefits are actually provided for that member." For more than two years, North American failed to notify Blue Cross to remove terminated employees from the list of eligible employees, and Blue Cross insured these ineligible employees, including the payment of benefits to claimants.
 
 
 9
 Based on these undisputed facts, the equities favor Blue Cross because the contract provides for the exact situation which arose, namely, the employer, North American, failed to keep accurate records for more than two years and paid subscription charges on behalf of ineligible employees. Blue Cross, in reliance on the erroneous eligibility list, insured the ineligible employees and paid benefits to claimants. The contract provides that subscription charges are not returned, so Blue Cross retained them. The equities favor Blue Cross and not North American.
 
 
 10
 AFFIRMED.
 
 REINHARDT, Circuit Judge, dissenting:
 
 11
 I disagree with my colleagues that "the equities favor Blue Cross rather than North American." The contract provisions which allowed Blue Cross to retain subscription charges paid for ineligible members were clearly intended for the purpose of eliminating minor disputes between Blue Cross and North American over monthly payments for individual employees. They were not designed to allow Blue Cross to obtain a windfall of $200,000 erroneously paid over two years by a small employer on behalf of a substantial number of employees. Because Blue Cross has been unjustly enriched to an inordinate degree, I conclude that the equities favor North American. Thus, were I to assume along with the majority and the district court that a cause of action for restitution exists, I would hold that North American has met its summary judgment burden of presenting evidence satisfying the elements of that cause of action.
 
 
 
 *
 The Honorable Linda H. McLaughlin, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.Rule 36-3