LAURENCE WOLF CAPITAL
MANAGEMENT TRUST,
Plaintiff,

v.

CITY OF FERNDALE, Defendant.

No. CIV. 00–40225.

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 31, 2000.

Matthew A. Levin, Frank, Stefani, Troy, MI, Roderick S. Coy, Clark Hill, Okemos, MI, J. Laevin Weiner, Colista Adams, Royal Oak, MI, for plaintiff.

Paul C. Christ, Beier Jowlett, Bloomfield Hills, MI, for defendant.

## ORDER

GADOLA, District Judge.

Before this Court is Defendant City of Ferndale's motion for summary judgment. Because the crux of Defendant's motion challenges this Court's subject-matter jurisdiction, however, the Court will construe the pleading as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Pursuant to Local Rule 7.1(e)(2), this Court has determined that oral argument will not significantly aid in the disposition of this motion. For the reasons set forth below, the Court denies Defendant's motion.

## I BACKGROUND

Plaintiff owns an office building in Ferndale. That building is located in a C–4 Zoning District, which is designated for retail and office use. Plaintiff and AT & T Wireless Services ("AT & T") entered into a lease agreement by which AT & T would place a wireless-communication antenna on top of Plaintiff's building. That contract was contingent upon AT & T's successful bid to secure permission to build the tower. Toward that end, AT & T applied for a use variance from Defendant.

In December, 1999 and January, 2000, Defendant held two public hearings of its zoning board to discuss the issue, and then provided notice of its denial of the variance in a letter to Plaintiff dated January 27, 2000. Plaintiff then filed a complaint in the Oakland County Circuit Court. On April 18, 2000, that Court, Jourdan, J., issued an opinion and order holding, *inter alia,* that Defendant had not "supported its decision by evidence on the record," as required by Michigan's Administrative Procedures Act, M.C.L. 24.306. *See Laurence Wolf Capital Management Trust, Inc. v. City of Ferndale,* Case No. 00–020893. The Circuit Court therefore remanded the matter to Defendant's Board of Zoning Appeals for a statement of the grounds upon which it had denied AT & T's request for a use variance. Plaintiff's claim in state court is still pending.

The Board of Zoning Appeals held a hearing in accordance with that order on May 10, 2000, at which time it placed its reasons for denying the variance on the record. The Board then corrected and approved the minutes of its May 10 meeting on May 16, 2000. On June 13, 2000, Plaintiff instituted a suit in this Court alleging that Defendant's acts were in violation of the Telecommunications Act of 1996, 47 U.S.C. § 332.

Defendant now moves to dismiss on the ground that this Court lacks subject matter jurisdiction.

## II LEGAL STANDARD

 The Court must assess motions to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) through one of two standards. If the motion is a facial attack, *i.e.,* if it challenges the sufficiency of the pleading itself, the Court must use the standard applied to motions under Rule 12(b)(6). *See Michigan Bell Telephone Co. v. MFS Intelenet of Mich., Inc.,* 16 F.Supp.2d 817, 822 (W.D.Mich.1998). If the motion is a factual attack, *i.e.,* if it challenges the factual existence of subject matter jurisdiction, the Court is free to weigh the evidence as to whether it has

subject matter jurisdiction over the case. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.1994). Because this motion involves factual attacks on the Court's subject-matter jurisdiction, the latter standard applies.

## III ANALYSIS

At the heart of this motion is a statute of limitations. The Telecommunications Act of 1996 ("the Act") provides this Court with authority to review decisions of state and local governments regarding placement and construction of telecommunications equipment. In pertinent part, the Act provides as follows:

> Any person adversely affected by any final action or failure to act by State or local government or any instrumentality thereof that is inconsistent with this subparagraph may, within thirty days after such action or failure to act, commence an action in any court of competent jurisdiction. . . ."

47 U.S.C.A. § 332(c)(7)(B)(v) (West 2000).

This Court would have jurisdiction over this claim, therefore, only if Plaintiff filed this action within thirty days of Defendant's "final action" pertaining to AT & T's application for a zoning variance. Defendant argues that its final action occurred no later than its letter of January 27, that Plaintiff did not file suit within thirty days of that letter, and that this Court thus lacks jurisdiction over the claim at bar. Plaintiff maintains that Defendant's final action was actually its approval of the Zoning Board's minutes on May 16, that the suit was filed within thirty days of that final action, and that this Court thus has jurisdiction over its claim. Accordingly, the salient question becomes: when did Defendant's Board of Zoning Appeals take its "final action" on AT & T's application?

Neither party has directed the Court to a reported case that defines "final action" under the Telecommunications Act, and the Court has been unable to find one through its own research. The Court thus turns to legislative history, which defines "final action" as a "final administrative action at the State or local government level so that a party can commence action under [the Act] rather than waiting for the exhaustion of any independent State court remedy otherwise required." H.R. Conf. Rep. No. 104–458, at 209 (1996), *reprinted in* 1996 U.S.C.C.A.N. 124, 223. Before a party can "commence an action" under the Act, however, it must know the reasons why an unfavorable decision was made against it; in other words, a party cannot avail itself of the judicial review that must follow, if at all, within thirty days of a "final action" until a reviewing court is in a position to assess the merits of the decision below. For this reason, the Court agrees that, under the Act, "there can be no final action by the local permitting body until there is a written decision." *Industrial Communications and Electronics, Inc. v. Town of Falmouth*, No. 98–397–P–H, 1999 WL 33117159, at *3 (D.Me. June 10, 1999); *cf. Omnipoint Communications Enterprises, L.P. v. Zoning Hearing Bd.*, No. 98–3299, 1998 WL 764762, at *3–4 (E.D.Pa. Oct.28, 1998) (holding that there was no "final action" until the zoning board served its decision upon the plaintiff). The question then becomes whether Defendant's decision in January to deny AT & T's requested zoning variance was supported by a valid, written decision, and was thus sufficient to constitute a "final action."

A written decision under the Act must be "supported by substantial evidence" to be valid. 47 U.S.C.A. § 332(c)(7)(B)(iii). The state court has already held that Defendant's January decision was "not supported by evidence on the record," and that "reasons supporting the denial of the use variance were insuffi-

ciently articulated to allow" the state court to "engage in meaningful judicial review." *Laurence Wolf Capital Management Trust, Inc. v. City of Ferndale*, Case No. 00–020893.

This Court has studied the minutes of the Board of Zoning Appeals' meetings in December and January and the letter of January 27.[1] In light of its own evaluation of those materials, this Court agrees with Judge Jourdan's well-reasoned assessment of the situation: nothing in those materials sufficiently articulates the grounds upon which Defendant denied AT & T's application for a variance.

The Court therefore concludes that the state court's holding—that Defendant's January decision was not supported by substantial evidence—is factually correct. It follows that Defendant's January decision was not supported by a written decision sufficient to constitute a final action, and that the letter of January 27 thus could not have triggered the thirty-day window in which Plaintiff had to file a suit under the Act.

■ The "final action" that Defendant took regarding AT & T's application for a zoning variance must therefore have been on May 16, when the Board of Zoning Appeals approved the official reasons for its denial of AT & T's application for a variance. Because Plaintiff filed within thirty days of that final action, its suit is timely. This Court therefore rejects the argument that it lacks jurisdiction because of Plaintiff's untimely filing.

Accordingly, this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss [Docket Entry 12] is **DENIED.**

**SO ORDERED.**

---

1. On a motion to dismiss, the Court may judicially notice, and consider as part of the pleadings, "administrative agency proceedings which are regularly and officially recorded." *Michigan Bell Tel. Co. v. Strand*, 26 F.Supp.2d 993, 996 (W.D.Mich.1998) (citing *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir.1980)). Because the Board of Zoning Appeals' minutes are part of the "Certification of Administrative Record," provided, recorded, and sworn to, by Defendant's City Clerk, the Court may judicially notice those documents. The Court may also judicially notice "[d]ocuments that a defendant attached to a motion to dismiss." *In re Credit Acceptance Corp. Sec. Litig.*, 50 F.Supp.2d 662, 669 (E.D.Mich.1999) (citation omitted). Because Defendant attached the letter of January 27 to its brief in support of the motion, the Court may judicially notice the contents of that document. The Court reviews these materials, moreover, under its authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Ritchie*, 15 F.3d at 598.