Richard MILLER, et al., Plaintiffs,

v.

NORFOLK SOUTHERN RAILWAY COMPANY, et al., Defendants.

No. 3:01 CV 7273.

United States District Court,
N.D. Ohio,
Western Division.

Jan. 16, 2002.

Howard M. Hackman, Law Office of Howard M. Hackman, Columbus, OH, for Plaintiffs.

Jeffrey S. Berlin, Sidley Austin Brown & Wood, Washington, DC, John B. Lewis, Baker & Hostetler, Cleveland, OH, Juan P. Morillo, Sidley Austin Brown & Wood, Mark E. Martin, Sidley Austin Brown & Wood, Washington, DC, Michelle Warner Waller, Baker & Hostetler, John S. Kluznik, Weston, Hurd, Fallon, Paisley & Howley, Cleveland, OH, John S. Kluznik, Weston, Hurd, Fallon, Paisley & Howley, Cleveland, OH, for Defendants.

## ORDER

CARR, District Judge.

Plaintiffs bring this action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) and (d) ("RICO"). Plaintiffs assert jurisdiction pursuant to 28 U.S.C. § 1331. Pending is defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), or, in the alternative, for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). For the following reasons, defendants' motions shall be granted.

## BACKGROUND

Plaintiffs were supervisors for Conrail, the predecessor to defendant Norfolk Southern Railroad Corporation ("Norfolk Southern"). While employed at Conrail, plaintiffs were members of the United Railway Supervisors Association ("Union").

In 1997, members of the Union held a meeting to consider whether to decertify the Union when Conrail merged with Norfolk Southern, whose supervisors were not unionized. Initially, the members voted against decertification. Norfolk Southern thereafter proceeded to hold nine meetings to discuss decertification and related issues. Defendants Hernan and Kerr represented the railroad at these meetings.

Plaintiffs allege that Norfolk Southern, through its defendant-employees, made representations that Union members did not need to be part of the Union to receive the same salary benefits as Union members. Plaintiffs allege that Norfolk Southern, through its defendant-employees, also represented: 1) plaintiffs would receive

greater fringe benefits, equivalent wages, and credit for vacation time; 2) every supervisor would have an assistant supervisor with whom to work; 3) members would never have unpaid days; and 4) plaintiffs would retain their supervisory positions.

Plaintiffs allege that members of the Union, relying on these representations, thereafter voted to decertify the Union. They claim that the representations were false and have not been fulfilled.

Plaintiffs brought this suit alleging violations of RICO and unfair labor practices, under 29 U.S.C. §§ 157 and 158, for defendants' alleged fraudulent and coercive misrepresentations resulting in the decertification of the Union.

## DISCUSSION

### I. Subject Matter Jurisdiction and the Railway Labor Act

The Sixth Circuit has stated that motions to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) fall into two different categories: facial and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.1994).

■ A facial attack is a challenge to the sufficiency of the complaint. *Id.* When a party makes a facial attack, the court must consider all of the complaint's material allegations as true and construe them in the light most favorable to the nonmoving party. *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

■ A factual attack is a challenge to the court's authority and power to hear the case. *Id.* When a party makes a factual attack, the court does not presume the truthfulness of the complaint's factual allegations. *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990)). The plaintiff, furthermore, must prove that the court has subject matter jurisdiction. *Ohio Nat'l Life Ins.*, 922 F.2d at 324. The court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Ritchie*, 15 F.3d at 598. It is within the district court's discretion to accept affidavits and documents with the motion and conduct an evidentiary hearing. *Ohio Nat'l Life Ins.*, 922 F.2d at 325. The district court is required to "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Id.*

Defendants state that federal statutory schemes deprive this court of jurisdiction, so that it does not have the power or authority to hear this case. Defendants, therefore, make a factual attack on subject matter jurisdiction, and plaintiffs have the burden of proving the existence of jurisdiction.

Plaintiffs' complaint alleges that defendants' fraudulent and coercive misrepresentations abridged plaintiffs' right to organize. (Doc. 1 at ¶ 25). Plaintiffs' brief cites to § 2, Fourth of the Railway Labor Act ("RLA"),[1] which states that an employ-

---

1. Section 2, Fourth of the RLA, 45 U.S.C. § 152, provides:

Organization and collective bargaining; freedom from interference by carrier; assistance in organizing or maintaining organization by carrier forbidden; deduction of dues from wages forbidden. Employees shall have the right to organize and bargain collectively through representatives of their own choosing. The majority of any craft or class of employees shall have the right to determine who shall be the representative of the craft or class for the purposes of this Act. No carrier, its officers or agents, shall deny or in any way question the right of its employees to join, organize, or assist in organizing the labor organization of their choice, and it shall be unlawful for any carrier to interfere in any way with the organization of its employees.

er may not interfere with employees' right to organize.[2] Plaintiffs contend that § 2, Fourth of the RLA controls because "[a]t the crux of Plaintiffs' claim against Defendants is the allegation that Defendants conspired together in a pattern of racketeering activity to deny Plaintiffs their right of organization and interfered with this right in violation of [the Railway Labor Act]." (Doc. 31 at 6). Activities which allegedly violate RICO are the alleged method of this interference.

Defendants argue that this court does not have subject matter jurisdiction over plaintiffs' claims because the dispute involves a representation issue. Defendants contend that § 2, RLA Ninth[3] controls when the dispute is representational, and the National Mediation Board ("Board") has exclusive jurisdiction over such disputes.

Defendants further argue that the assertion that defendants interfered with plaintiffs' ability to bargain collectively is baseless. Defendants contend, "Plaintiffs (or at least plaintiff Minks, who is still an NSR employee) have always been free to pursue whatever rights the RLA gives them to be represented by URSA or any other union." (Doc. 36 at 5).

Defendants therefore, argue this dispute is representational and arises under § 2, RLA Ninth, while plaintiffs argue the dispute falls under § 2, RLA Fourth, for interference with the right to organize.

■ Federal courts can hear a claim brought under § 2, RLA Fourth. *See Air Line Pilots Ass'n, Int'l v. Transamerica Airlines, Inc.*, 817 F.2d 510, 514 (9th Cir. 1987) ("Federal courts have jurisdiction to enforce the provisions of 45 U.S.C. § 152 Third and Fourth prohibiting interference with effective representation and organization.") (citations omitted); *Adams v. Federal Express Corp.*, 547 F.2d 319, 320–21 (6th Cir.1976) (district court had jurisdiction over claims brought pursuant to § 2, Third and Fourth of the RLA); *International Ass'n of Machinists & Aerospace Workers, AFL–CIO v. Continental Airlines, Inc.*, 754 F.Supp. 892, 893–94 (D.D.C.1990) ("The NMB has exclusive jurisdiction to conduct employee elections and decide representation disputes.... The right of employees subject to the Act to select their own representatives free of employer intrusion is judicially enforce-

**2.** Plaintiffs' complaint alleges a violation of the National Labor Relations Act, 29 U.S.C. §§ 157 and 158. Plaintiffs' brief admits that plaintiffs should have cited the Railway Labor Act, 45 U.S.C. § 152 and states plaintiffs will file a motion to amend the complaint. For the purposes of this order, I will treat the complaint as though plaintiffs made a claim under the Railway Labor Act.

Plaintiffs' brief also disclaims any suggestion that their complaint states a claim for the abridgement of their rights under *New York Dock* conditions, which afford protection to employees when companies merge. I, accordingly will treat plaintiffs' complaint, at their urging, solely as asserting a violation of the Railway Labor Act.

**3.** Section 2, Ninth of the RLA, 45 U.S.C. § 152, provides:

Disputes as to identity of representatives; designation by Mediation Board; secret elections. If any dispute shall arise among a carrier's employees as to who are the representatives of such employees designated and authorized in accordance with the requirements of this Act, it shall be the duty of the Mediation Board, upon request of either party to the dispute, to investigate such dispute and to certify to both parties, in writing, within thirty days after the receipt of the invocation of its services, the name or names of the individuals or organizations that have been designated and authorized to represent the employees involved in the dispute, and certify the same to the carrier.

able.") (citations omitted). This court, therefore, has jurisdiction over disputes under § 2, RLA Fourth.

■ When, however, a dispute is arguably representational, a district court should not exercise jurisdiction. *United Transp. Union v. Gateway W. Ry. Co.*, 78 F.3d 1208, 1213–14 (7th Cir.1996). As the Seventh Circuit stated in *Gateway*, "when the precise character of the dispute is in doubt (when the dispute, in other words, is only 'arguably' representational), a federal court should not proceed, for 'the NMB has primary jurisdiction to determine whether it has exclusive jurisdiction over the dispute.'" *Id.* (citing *United Transp. Union v. United States*, 987 F.2d 784, 789 (D.C.Cir.1993); *International Ass'n of Machinists & Aerospace Workers v. Northeast Airlines, Inc.*, 536 F.2d 975, 977 (1st Cir.1976)).

■ Defendants contend, "Any claim that [Union], a labor union that represented Conrail employees, is somehow entitled to the status of collective bargaining representative of NSR's employees, is within the exclusive jurisdiction of the NMB under § 2, Ninth." (Doc. 18 at 11). Defendants' argument has merit. This dispute is at least arguably representational.

I decline to go beyond my initial determination that this dispute is "arguably representational" and determine the precise character of the dispute in this case. The better approach is that adopted by the Seventh and District of Columbia Circuits, whereby an "arguably representational" dispute will be resolved by the Board, which "has primary jurisdiction to determine whether it has exclusive jurisdiction over the dispute." *United Transp. Union*, 987 F.2d at 789; *accord Gateway*, 78 F.3d at 1213–14.

This approach properly defers to the remedial scheme fashioned by Congress. If this dispute truly is representational, the Board has exclusive jurisdiction. Plaintiffs should not be able to avoid the Board's jurisdiction or the designated remedial scheme by asserting a RICO claim or a claim for organization interference.[4]

Defendants' motion to dismiss plaintiffs' claims under the RLA for lack of subject matter jurisdiction shall be granted.

## II. Failure to State a Claim Under RICO

No complaint shall be dismissed unless the plaintiff has failed to allege facts in

---

4. I find guidance in a decision by the District of Columbia Circuit, *Danielsen v. Burnside-Ott Aviation Training Center, Inc.*, 941 F.2d 1220, 1229 (D.C.Cir.1991), wherein the court affirmed the district court decision that a RICO action would not lie for an alleged breach of the Service Contract Act, 41 U.S.C. § 351, because the Service Contract Act provided a scheme for administrative relief.

The court stated:
How much more the case where plaintiffs couch their complaint in terms of RICO to give them, not a remedy equal to that provided under the SCA, but three times that remedy? How much more still where their attorneys would be extracting their fees not from their clients but from the other side? Thus, the ingenious pleading of the action in RICO terms rather than in straight SCA

language cuts against the implication of the right of action rather than in its favor.
*Id.* at 1228; *see also Livingston v. Shore Slurry Seal, Inc.*, 98 F.Supp.2d 594, 601 (D.N.J. 2000) (because the gravamen of plaintiffs' complaint was that their salary did not equal the prevailing wage and defendants violated the Davis–Bacon Act, the sole remedy was administrative—not a RICO claim); *Butchers' Union, Local No. 498 v. SDC Inv., Inc.*, 631 F.Supp. 1001, 1011 (E.D.Cal.1986) ("[T]he only conceivable 'fraud' is the deprivation of plaintiffs' rights under the labor law. Since defendants' liability, under the mail and wire fraud statutes, if any, is wholly dependent on the labor laws, judgement of defendants' conduct … lies exclusively with the [National Labor Relations Board].").

support of plaintiff's claim that, construed in plaintiff's favor, would entitle the plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). When deciding a motion brought pursuant to Fed.R.Civ.P. 12(b)(6), the inquiry is essentially limited to the content of the complaint, although matters of public record, orders, items appearing in the record, and attached exhibits also may be taken into account. *See Yanacos v. Lake County,* 953 F.Supp. 187, 191 (N.D.Ohio 1996). The court must accept all the allegations stated in the complaint as true, *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984), while viewing the complaint in the light most favorable to the plaintiff. *Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683. A court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

Plaintiffs allege that defendants violated RICO, 18 U.S.C. § 1962(c), by engaging in a pattern of racketeering activity.

Section 1962(c) provides:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

■ To establish a violation of § 1962(c), plaintiffs must prove injury caused by a person who conducts the affairs of an enterprise through a pattern of racketeering activity. 18 U.S.C. § 1962(c). The elements of a RICO claim are: 1) two or more predicate offenses; 2) the existence of an enterprise; 3) a nexus between the pattern of racketeering activity and the enterprise; and 4) resulting injury to

business or property. *VanDenBroeck v. CommonPoint Mortgage Co.,* 210 F.3d 696, 699 (6th Cir.2000) (citing *Frank v. D'Ambrosi,* 4 F.3d 1378, 1385 (6th Cir. 1993)). In addition, the Sixth Circuit stated in *VanDenBroeck,* "the Supreme Court has held that in order to be held responsible under the Act, a defendant must have not only participated in the scheme, but must have also participated in the operation or management of the enterprise itself." *Id.* (citing *Reves v. Ernst & Young,* 507 U.S. 170, 183, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993)).

Defendants contend that plaintiffs have failed to state a claim with regard to: 1) an enterprise under RICO; 2) a pattern of racketeering activity; and 3) a cognizable injury to business or property. Because I agree that plaintiffs have failed to state the existence of an enterprise under RICO, I decline to address defendants' remaining arguments under § 1962(c).

### A. Enterprise

Defendants contend that the complaint fails to state the existence of an enterprise within the meaning of RICO. I agree.

Under RICO, an enterprise is "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The Supreme Court has defined an enterprise as a "group of persons associated together for a common purpose of engaging in a course of conduct." *United States v. Turkette,* 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981).

■ The entity constituting the enterprise must be a separate entity from the "person" committing harm under RICO. *Puckett v. Tennessee Eastman Co.,* 889 F.2d 1481, 1489 (6th Cir.1989) ("It is plain that the language of [§ 1962(c) ] precludes the 'person' conducting or participating in

an enterprise's affairs from simultaneously serving as the 'enterprise.' ") (citing *Grider v. Texas Oil & Gas Corp.*, 868 F.2d 1147, 1150 n. 2 (10th Cir.1989)).

In *Puckett*, the Sixth Circuit further stated, "Because § 1962(c) requires separate legal entities as the 'person' and the 'enterprise,' courts are in substantial agreement that a corporation cannot be named as the liable 'person' and simultaneously fulfill the 'enterprise' requirement as well." *Id.* (citing *Grider*, 868 F.2d at 1150; *Schofield v. First Commodity Corp.*, 793 F.2d 28, 29–30 (1st Cir.1986) (collecting cases); *B.F. Hirsch v. Enright Ref. Co.*, 751 F.2d 628, 633–34 (3d Cir.1984); *Haroco, Inc. v. American Nat'l Bank & Trust Co.*, 747 F.2d 384, 399–402 (7th Cir. 1984); *United States v. Hartley*, 678 F.2d 961 (11th Cir.1982)); *see also Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 121 S.Ct. 2087, 2090, 150 L.Ed.2d 198 (2001) ("We do not quarrel with the basic principle that to establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name. The statute's language, read as ordinary English, suggests that principle."); *Eva v. Midwest Nat'l Mortgage Bank, Inc.*, 143 F.Supp.2d 862, 873 (N.D.Ohio 2001) ("A single individual or corporation cannot be both the 'enterprise' and the 'person' under RICO.") (citing *Davis v. Mutual Life Ins. Co. of New York*, 6 F.3d 367, 377 (6th Cir.1993)); Hon. Jed S. Rakoff & Howard W. Goldstein, Rico Civil And Criminal Law And Strategy § 1.05(3) (2001) ("[I]n a RICO claim based on Subsection 1962(c), the same individual or entity may not be both the liable 'person' (the defendant) and the enterprise (the 'victim') because it makes little sense to speak of a person being 'employed by' himself or victimizing himself.").

■ Plaintiff's complaint fails to show an "enterprise" distinct from the "person" alleged to have violated RICO. The complaint states, "At all relevant times, Defendant, Norfolk Southern, constituted an 'enterprise' within the meaning of 18 U.S.C. § 1961(4)." (Doc. 1 at ¶ 33). The complaint later states, "Defendants [Norfolk Southern], Bagley, Edwards, Farmer, MacMahon, Ogden, Rumsey, and Woods, acting through Defendants Hernan, and Kerr engaged in schemes to defraud members of [Union] . . ., including Plaintiffs." (Doc. 1 at ¶ 34.a). The complaint goes on to enumerate many unlawful acts committed by all defendants (including, presumably, the defendant Norfolk Southern, because plaintiffs never specify otherwise).

The complaint, therefore, alleges that defendant Norfolk Southern is both the "enterprise" and a "person" alleged to have violated RICO. The complaint fails to show an "enterprise" distinct from the "person." *See Puckett*, 889 F.2d at 1489 ("[Because the complaint asserted] that Eastman acted 'by and through' its employees in obstructing the state administrative proceedings . . . ., it is clear that Puckett has alleged that Eastman is both the 'person' and the 'enterprise' for purposes of her § 1962(c) claim, and therefore her civil RICO count was properly dismissed.").

Plaintiffs have failed to state a RICO claim under § 1962(c). Defendants' motion to dismiss shall be granted.

### B. Conspiracy

■ Plaintiffs allege that defendants violated RICO, 18 U.S.C. § 1962(d), by conspiring to engage in a pattern of racketeering activity. Section 1962(d) provides, "It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."

Defendants contend, "Plaintiffs' conspiracy claim under § 1962(d) fails because it is dependent on their deficient § 1962(c) claim." (Doc. 18 at 25). Defendants argue that, because plaintiffs have failed to state a claim under § 1962(c), plaintiffs necessarily failed to state a claim for conspiracy under § 1962(d). Defendants also contend that plaintiffs failed to allege an illicit agreement to violate a RICO provision. Because I agree with defendants' argument that plaintiffs' conspiracy claim must fail because plaintiffs failed to state a claim under § 1962(c), I decline to address defendants' second argument.

"A conspiracy claim under 18 U.S.C. § 1962(d) fails when the substantive claim based on § 1962(c) is without merit." *BancOklahoma Mortgage Corp. v. Capital Title Co., Inc.,* 194 F.3d 1089, 1103 (10th Cir.1999) (citing *Edwards v. First Nat'l Bank, Bartlesville, Okla.,* 872 F.2d 347, 352 (10th Cir.1989)); *see also Lightning Lube, Inc. v. Witco Corp.,* 4 F.3d 1153, 1191 (3d Cir.1993) ("Any claim under section 1962(d) based on a conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient."); *Danielsen v. Burnside–Ott Aviation Training Ctr., Inc.,* 941 F.2d 1220, 1232 (D.C.Cir.1991) ("As the incorporated Counts I–III do not set forth violations [of 18 U.S.C. § 1962(a), (b) and (c) ], the incorporating Count IV does not set forth a conspiracy to commit violations; therefore, it must fail as well.").

Because plaintiffs have failed to state a claim under § 1962(c), plaintiffs' have failed to state a claim under § 1962(d). Defendants' motion to dismiss for failure to state a claim under § 1962(d) shall be granted.

### CONCLUSION

It is, therefore,

**ORDERED THAT**

1. Defendants' motion to dismiss for lack of subject matter jurisdiction be, and hereby is, granted as to plaintiffs' claim for a violation of the Railway Labor Act; and

2. Defendants' motion to dismiss for failure to state a claim be, and hereby is, granted as to plaintiffs' RICO claim.

**So ordered.**