BROAD, VOGT & CONANT, INC., a Michigan corporation; Broad Industrial Corporation (formerly known as Broad Steel Construction, Inc.), a Michigan corporation; Broad Rack Structures, Inc., a Michigan corporation; Broad Financial Group, L.L.C., a Michigan limited liability company; and John W. Broad, an individual, Plaintiffs,

v.

ALSTHOM AUTOMATION, INC., (formerly known as Air Industry Systems, Inc.), a Michigan corporation; Sigma Systems, Inc., a Michigan corporation; Air Industrie Sistemas, S.A. de C.V., a corporation organized under the laws.

of the United States of Mexico; GEC Alsthom, a foreign joint venture; General Electric Company, a New York company; Jervis B. Webb Company, Inc., a Michigan corporation; Durr, Inc., a Michigan corporation; and Duerr Automation, Inc., a Michigan corporation, jointly and severally, Defendants,

and

General Motors Corporation, a Delaware corporation, Nominal Defendant.

No. Civ.A. 01–40256.

United States District Court, E.D. Michigan, Southern Division.

April 29, 2002.

Mark L. McAlpine, Steven A. Wright, Rebecca C. Klipfel, McAlpine & McAlpine, Bloomfield Hills, MI, for Plaintiffs.

Patrick F. Hickey, Dykema Gossett, Detroit, MI, Michael S. Leib, Maddin, Hauser, Southfield, MI, Robert M. Horwitz, Dykema Gossett, Detroit, MI, Edward H. Pappas, Joseph W. DeLave, Dickinson Wright, Bloomfield Hills, MI, Ian D. Presses, Maddin, Weiner, Hauser, Southfield, MI, for Defendants.

## OPINION AND ORDER

GADOLA, District Judge.

Before the Court is Defendants' motion to dismiss count V of Plaintiffs' complaint [docket entry 6]. Pursuant to Local Rule 7.1(e)(2), the Court has determined that oral argument would not significantly aid in the disposition of this motion. For the reasons set forth below, the Court will grant Defendants' motion.

## I. BACKGROUND

Plaintiffs in this case are a group of construction companies and the owner of those companies. They are: Broad, Vogt & Conant ("BVC"); Broad Industrial Corporation ("BIC"); Broad Rack Structures, Inc. ("BRS"); Broad Financial Group, L.L.C., ("BFG"); and John W. Broad ("Broad"), who is the sole shareholder and officer of BVC, BIC, and BRS, and is the sole member of BFG.

Defendants are: Alsthom Automation, Inc. ("Alsthom Michigan"); Sigma Systems, Inc.; Air Industrie Sistemas, S.A. de C.V. ("Alsthom Mexico"); G.E.C. Alsthom ("GECA"); General Electric Company

("GEC"); Durr, Inc.; Duerr Automation, Inc.; Jervis B. Webb Company, Inc. ("Webb"); and General Motors Corporation ("GM").[1] Plaintiffs refer to Alsthom Michigan, Sigma Systems, Inc., Alsthom Mexico, GECA, GEC, Durr, Inc., and Duerr Automation as the "Alsthom Defendants."

This case involves a dispute related to the negotiation and performance of two construction contracts. The first contract, negotiated between the Alsthom Defendants and Broad, was executed on September 30, 1997 between BVC and Alsthom Michigan. Pursuant to the contract, "BVC was to provide the design, manufacture and installation of structural steel supports for a conveyor system to be installed at GM's assembly plant facility in Silao, Mexico." (Compl. at ¶ 18.) BVC was to be paid $2,000,000 plus extras under this contract. The second contract, negotiated between the Alsthom Defendants and Broad, was executed on October 15, 1997 between BIC and Althsom Mexico. Pursuant to the contract, "BIC was to install a conveyor system to be designed and provided by Webb and the Alsthom Defendants at GM's assembly plant facility in Silao, Mexico." (Compl. at ¶ 19.) BIC was to be paid $6,470,000 plus extras under this contract.

Plaintiffs allegedly encountered a number of problems in the course of the construction project which ultimately resulted in Plaintiffs suffering financial ruin. Plaintiffs allege that the setbacks they encountered were caused by a series of wrongful acts perpetrated by Defendants in the negotiation and performance of the construction contracts.

Plaintiffs filed the Complaint in this case in the State of Michigan Circuit Court for the County of Oakland on August 14, 2001 (case number 01–033966–CK). Plaintiffs asserted thirteen counts in the complaint. Only Count V, which alleges that the Alsthom Defendants violated the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, arises under federal law. Defendants filed a Notice of Removal on September 17, 2001, claiming that removal was proper under 28 U.S.C. § 1441(a) because this civil action was within the Court's original jurisdiction. On February 25, 2002, this Court remanded to state court all of the counts in the complaint except for Count V, the RICO claim. Defendants now move to dismiss Plaintiffs' RICO claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. DISCUSSION

### A. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes the district courts to dismiss any complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) affords a defendant an opportunity to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. In applying the standards under Rule 12(b)(6), the Court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party. *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993).

The Court will not, however, accord the presumption of truthfulness to any legal conclusion, opinion or deduction, even if it is couched as a factual allegation. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). The Court will not dismiss a cause of action "for failure to state a

---

1. The Court dismissed the following three Defendants on April 11, 2002: Duerr Holding GMBH, Stuttgart; Duerr Systems GMBH; and Duerr AG.

claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Although the pleading standard is liberal, bald assertions and conclusions of law will not enable a complaint to survive a motion pursuant to Rule 12(b)(6). *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir.1996).

## B. ANALYSIS

Plaintiffs' RICO claims arise under 18 U.S.C. § 1962(c) and (d). Section 1962(c) provides that "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). In addition, § 1962(d) provides that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." 18 U.S.C. § 1962(d).

A claim pursuant to § 1962(c) of RICO requires proof of the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Durant v. ServiceMaster Co.*, 159 F.Supp.2d 977, 981 (E.D.Mich.2001) (Gadola, J.) (internal quotation and citation omitted). "To state a claim under § 196(d), a plaintiff must plead that the defendant agreed to join the conspiracy, agreed to commit predicate acts, and knew that those a acts were part of a pattern of racketeering activity." *Krear v. Malek*, 961 F.Supp. 1065, 1071 (E.D.Mich.1997) (Gadola, J.). "When deciding whether a complaint sets forth a claim under § 1962(c), the Court must construe liberally the allegations. Because of the opprobrium that a RICO claim brings to a defendant, however, courts should eliminate frivolous RICO claims at the earliest stage of litigation." *Durant*, 159 F.Supp.2d at 981 (citations omitted).

Defendants assert, *inter alia*, that Plaintiffs have failed to plead adequately the existence of a RICO "enterprise." Under the RICO statute, an " 'enterprise' includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Plaintiffs plead the existence of a RICO enterprise in the form of an "association-in-fact" consisting of Alsthom Michigan, Alsthom Mexico, the Alsthom Defendants, and ARC, Inc., a non-defendant. (Compl. at ¶ 58.)

An association-in-fact is "a group of persons associated together for a common purpose of engaging in a course of conduct." *United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981). Thus, to constitute a RICO enterprise, the association-in-fact (1) "must be an ongoing organization"; (2) "its members must function as a continuing unit"; and (3) "it must be separate from the pattern of racketeering activity in which it engages." *Frank v. D'Ambrosi*, 4 F.3d 1378, 1386 (6th Cir.1993) (citing *United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981)). In this case, Plaintiffs have failed to plead that the association-in-fact functioned as an "ongoing organization."

"The 'ongoing organization' requirement is coextensive with the existence of organizational structure." *VanDenBroeck v. Commonpoint Mortg., Co.*, 22 F.Supp.2d 677, 681 (W.D.Mich.1998) *aff'd on other grounds*, 210 F.3d 696 (6th Cir.2000). Organizational structure exists where there is "evidence of some sort of 'chain of command' or other evidence of a hierarchy, even a highly limited one." *VanDenBroeck*, 210 F.3d at 700. There must be

"an organizational pattern or system of authority that provides a mechanism for directing the group's affairs on a continuing, rather than ad hoc, basis." *United States v. Tocco,* 200 F.3d 401, 425 (6th Cir.2000) (internal quotation and citation omitted).

Here, Plaintiffs do not allege any facts which would establish that the alleged association-in-fact was an ongoing organization. The complaint sets forth the alleged association-in-fact as follows:

> Alsthom Michigan, Alsthom Mexico, the Alsthom Defendants and ARC, Inc., operating as an *association-in-fact,* constituted an 'enterprise,' the activities of which affected interstate commerce, as the term 'enterprise is defined in 18 U.S.C. § 1961(4) in that the enterprise was at all times an ongoing organization and Alsthom Michigan, Alsthom Mexico, the Alsthom Defendants and ARC, Inc. all functioned as a continuing unit.'

(Compl. at ¶ 58.) (emphasis added). This paragraph of the complaint merely recites the elements of an association-in-fact without providing any factual basis for this allegation. As noted above, bald assertions or conclusions of law will not enable a complaint to survive a motion to dismiss, and paragraph 58 is thus inadequate to establish the existence of an association-in-fact.

In their response to the present motion, Plaintiffs cite several other paragraphs from the complaint that, they assert, support their pleading of an association-in-fact.

First, Plaintiffs cite paragraph 12 of the complaint, which states:

> Defendant [Alsthom Mexico] is a corporation organized under the laws of the State of Mexico. Upon information and belief, Alsthom Mexico is a wholly-owned subsidiary of Alsthom Michigan and is a mere instrumentality thereof, so dominated and controlled by Alsthom Michigan that its supposedly independent corporate identity is a mere fiction and must be ignored.

(Compl. at ¶ 12.)

The allegation in paragraph 12 asserts only that one of the members of the alleged association-in-fact is an alter-ego of another. This allegation does not provide any factual support for the existence of a hierarchy or organizational structure among Alsthom Michigan, Alsthom Mexico, the Alsthom Defendants, and ARC, Inc., the members of the alleged association-in-fact.

Second, Plaintiffs cite paragraphs 60, 62, and 63 of the complaint, each of which sets forth acts perpetrated by the alleged RICO enterprise. In paragraph 60, Plaintiffs allege that the Alsthom Defendants, Alsthom Michigan, and Alsthom Mexico obtained their contracts with BVC and BIC "through a series of fraudulent pretenses, representations and material omissions by each defendant and, on information and belief, by ARC, Inc." (Compl. at ¶ 60.) Plaintiffs further allege in paragraph 60 that, through the same conduct, the Alsthom Defendants, Alsthom Michigan and Alsthom Mexico "lull[ed] Broad into causing BVC and BIC ... into continuing to perform extra work on the Project by still more fraudulent pretenses, representations and material omissions." (Compl. at ¶ 60.)

In paragraph 62, Plaintiffs allege that the members of the RICO enterprise "conspired to and participated in a scheme whereby the Alsthom Defendants obtained their contracts with GM by questionable means that did not provide adequate compensation for the work for which the Alsthom Defendants were responsible." (Compl. at ¶ 62.) As a result, BVC and BIC allegedly "entered into their contracts unaware of the fact that the Alsthom Defendants knowingly contracted with GM

for a price well below market value at a loss to the Alsthom Defendants that would significantly affect their ability to pay BVC, BIC and other subcontractors and materialmen." (Compl. at ¶ 62.)

In paragraph 63, Plaintiffs allege that the members of the RICO enterprise "conspired to and knowingly participated in a scheme whereby $150,000 was deducted from Broad's bid, purportedly for supervisory services to be provided by the Alsthom Defendants and/or, on information and belief, by ARC, Inc., when in fact no such supervisory services were intended to be provided or were ever provided." (Compl. at ¶ 63.)

Paragraphs 60, 62, and 63 do not set forth any facts which would suggest that this group of corporations functioned as an ongoing organization, the first element of an association-in-fact.[2] Plaintiffs do not plead any facts which suggest that the alleged association-in-fact had any type of organizational structure, hierarchy for decision-making, or mechanism for conducting the group's affairs. Rather, these allegations simply delineate "a string of entities allegedly comprising the enterprise, and . . . a string of supposed racketeering activities in which the enterprise purportedly engages." *Begala v. PNC Bank*, 214 F.3d 776, 781 (6th Cir. 2000). Such bare allegations *simpliciter* are insufficient to state a claim that the alleged association-in-fact functioned as an ongoing organization. *See Nasik Breeding & Research Farm Ltd. v. Merck & Co., Inc.*, 165 F.Supp.2d 514, 539 (S.D.N.Y.2001) (finding that an association-in-fact was not adequately pled where the plaintiff "failed to present specific details of any hierarchy, organization, or

unity among the various alleged conspirators").

Thus, Plaintiffs have failed to plead the existence of an enterprise in the form of an association-in-fact, and the Court will dismiss Plaintiff's RICO claim, alleged under § 1962(c). Because Plaintiffs have failed to plead the existence of a RICO enterprise, the Court need not address Defendants' remaining grounds for dismissal.

In addition, because Plaintiffs have failed to state a substantive RICO claim, the Court will also dismiss Plaintiffs' RICO conspiracy claim, alleged under § 1962(d). *See Miller v. Norfolk Southern Ry. Co.*, 183 F.Supp.2d 996, 1003 (N.D.Ohio 2002); *Nasik*, 165 F.Supp.2d at 540–41.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss count V of Plaintiffs' complaint [docket entry 6] is **GRANTED.**

**IT IS FURTHER ORDERED** that Count V of Plaintiffs' complaint is **DISMISSED** and the Clerk is directed to close this case.

**SO ORDERED.**

---

**2.** Plaintiffs assert that "[t]he participation of a corporation in a racketeering scheme may be sufficient, of itself, to give the enterprise a structure separate from the racketeering activity." (Resp. at p. 8.) This argument may

support the third requirement of an association-in-fact, but, because the complaint fails to plead adequately the existence of an ongoing organization, the Court need not address this point.