**CHANESS & SIMON, P.C., Profit Sharing Plan, Plaintiff,**

v.

**Mitchell K. SIMON, Defendant.**

**No. CIV. 02–40066.**

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 3, 2003.

---

Stephen Scapelliti, Farmington Hills, for Chaness and Simon, P.C. Profit Sharing Plan, under agreement dated August 6, 1992, as amended, plaintiff.

Ross L. Wilber, Resnick & Moss, Bloomfield Hills, for Mitchell K. Simon, defendant.

## *ORDER*

GADOLA, District Judge.

Before this Court is Defendant's Motion for Summary Judgment. The Court elects to proceed without a hearing on the Motion. *See* E.D. Mich. LR 7.1(e)(2). For the reasons set forth below, the Court shall deny Defendant's Motion.

## I. INTRODUCTION

In the Motion, Defendant advances three arguments. First, Defendant contends that this Court lacks subject matter jurisdiction over the Complaint, which Plaintiff brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.* Because the crux of this argument is a challenge this Court's subject matter jurisdiction, the Court shall construe this portion of Defendant's pleading as a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Laurence Wolf Capital Mgmt. Trust v. City of Ferndale,* 176 F.Supp.2d 725, 726 (E.D.Mich.2000) (Gadola, J.).

Second, Defendant argues that Plaintiff lacks standing to assert the ERISA claims raised in the Complaint. This argument is also a challenge to this Court's subject matter jurisdiction. *See Ward v. Alternative Health Delivery Sys.,* 261 F.3d 624, 626 (6th Cir.2001) ("Standing is thought of as a 'jurisdictional' matter, and a plaintiff's lack of standing is said to deprive a court of jurisdiction. Because plaintiff's claims failed for lack of such statutory standing, we find that plaintiff's claims were properly dismissed for lack of subject matter jurisdiction." (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 89–102, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (statutory standing questions, i.e., whether a particular plaintiff can sue, are jurisdictional questions); *Hermann Hosp. v. MEBA Med. & Benefits Plan,* 845 F.2d 1286, 1288 (5th Cir.1988) (ERISA standing is a question of subject matter jurisdiction))). Thus, the Court shall also construe this portion of Defendant's pleading as a motion to dismiss pursuant to Rule 12(b)(1). *See Laurence Wolf,* 176 F.Supp.2d at 726.

Third, Defendant requests, in the alternative, that the Court add Fred Chaness, a trustee of Plaintiff, as necessary party under Rule 19 of the Federal Rules of Civil Procedure. As such, the Court shall construe this portion of Defendant's pleading as a motion for Rule 19 joinder.

## II. BACKGROUND

The Complaint seeks reimbursement of Plaintiff's assets which were allegedly paid to Defendant in error. Plaintiff is a benefit plan governed by ERISA. Defendant was a shareholder and employee of the accounting firm Chaness & Simon, which is Plaintiff's plan sponsor. Defendant also served as a trustee of Plaintiff and was a participant in Plaintiff.

On or about September 20, 2000, Defendant notified the firm that he was terminating his employment. At that time, Defendant and Mr. Chaness discussed several termination issues, including the distribu-

tion of benefits from Plaintiff to Defendant. According to the terms governing Plaintiff, a distribution of benefits is supposed to be calculated as of an "allocation date," which is at the end of the plan year preceding employment termination.

On advice of counsel, Defendant and Mr. Chaness initially believed that September 30, 2000, was a proper allocation date for the distribution of benefits to Defendant. However, Plaintiff now maintains that the correct allocation date is December 31, 1999. Consequently, Plaintiff argues that it erroneously overpaid Defendant $64,321.70.

Plaintiff has brought this civil action solely for reimbursement of the purported overpayment. The Complaint does not allege a breach of fiduciary duty, because Plaintiff believes that Defendant and Mr. Chaness acted reasonably under the advice of counsel in committing the alleged error. Thus, the relief sought by Plaintiff is limited to restitution and disgorgement.

## III. RULE 12 ARGUMENTS

### A. Legal Standard

■ The Court must assess motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) through one of two standards. *See Laurence Wolf,* 176 F.Supp.2d at 726. If the motion is a *facial* attack, i.e., if it challenges the sufficiency of the pleading itself, the Court must use the legal standard applied to motions under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See id.* (citing *Mich. Bell Tel. Co. v. MFS Intelenet of Mich., Inc.,* 16 F.Supp.2d 817, 822 (W.D.Mich.1998) (citing *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir.1990))). On the other hand, if the motion is a *factual* attack, i.e., if it challenges the factual existence of subject matter jurisdiction, the Court is free to weigh the evidence as to whether it has subject matter jurisdiction

over the case. *See Laurence Wolf,* 176 F.Supp.2d at 726–27 (citing *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994)). Because the present Motion is a facial attack on the Court's subject-matter jurisdiction, the Court shall apply the Rule 12(b)(6)-type standard. *See Mich. Bell,* 16 F.Supp.2d at 822.

Rule 12(b)(6) authorizes the district courts to dismiss any complaint that fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Rule 12(b)(6) affords a defendant an opportunity to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *See Broad, Vogt & Conant, Inc. v. Alsthom Automation, Inc.,* 200 F.Supp.2d 756, 758 (E.D.Mich.2002) (Gadola, J.). In applying Rule 12(b)(6), the Court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party. *See id.* (citing *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993)).

■ The Court will not, however, accord the presumption of truthfulness to any legal conclusion, opinion, or deduction, even if it is couched as a factual allegation. *See Broad, Vogt & Conant,* 200 F.Supp.2d at 758 (citing *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987)). The Court will not dismiss a cause of action under the Rule 12(b)(6) standard "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Broad, Vogt & Conant,* 200 F.Supp.2d at 758–59 (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Although the pleading standard is liberal, bald assertions and conclusions of law will not enable a complaint to survive a motion pursuant to Rule

12(b)(6). *See Broad, Vogt & Conant*, 200 F.Supp.2d at 759 (citing *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir.1996)).

### B. Analysis

### 1. Subject Matter Jurisdiction

█ Defendant argues that this Court lacks jurisdiction because this civil action does not fall within the ambit of ERISA's jurisdictional grant, 29 U.S.C. § 1132. Defendant's argument is misguided, however, because Defendant fails to appreciate that this is an equitable action for restitution brought by an ERISA-protected plan. Thus, "even if jurisdiction [is] lacking under section 1132, [this] Court [has] jurisdiction under 28 U.S.C. § 1331 because ERISA preempts [P]laintiff's state law claims." *Ky. Laborers Dist. Council Health & Welfare Fund v. Hope*, 861 F.2d 1003, 1004 (6th Cir.1988); 29 U.S.C. § 1144(a).

The United States Court of Appeals for the Sixth Circuit has already addressed this ERISA jurisdictional issue on at least two occasions. In *Whitworth Brothers Storage Company v. Central States, Southeast & Southwest Areas Pension Fund*, 794 F.2d 221 (6th Cir.1986), the plaintiff sought restitution for erroneous payments. In *Kentucky Laborers District Council Health & Welfare Fund v. Hope*, 861 F.2d 1003 (6th Cir.1988), the plaintiff sought to recover benefits due to the defendants' purported fraud. In both cases, the holding of the Sixth Circuit was clear:

> We hold that the District Court had jurisdiction to hear appellant's action. Whether it is phrased as a fraud claim or as an equitable action for restitution, *appellant's claim requires the Court to examine the terms of an ERISA-governed plan. The action, therefore, relates to the plan and is preempted by section 1144(a).* *Whitworth*, 794 F.2d at 233–36. Accordingly, appellant's claim

arises under federal common law and falls within the District Court's federal question jurisdiction.

*Ky. Laborers*, 861 F.2d at 1005–06 (emphasis added).

Likewise in this case, Plaintiff seeks restitution for an erroneous overpayment to Defendant. As a result, Plaintiff's claims will require the Court to examine the terms of this ERISA-governed plan. Therefore, this civil action, brought in federal court, relates to an ERISA-governed plan, *see* 29 U.S.C. § 1144(a), and thus, this Court has subject matter jurisdiction, *see* 28 U.S.C. § 1331.

### 2. Standing

█ Additionally, Defendant raises a similar argument that Plaintiff lacks standing to bring an action under ERISA. Specifically, since Plaintiff is the ERISA-governed plan itself, Defendant argues that Plaintiff is not a proper ERISA-plaintiff because it is not a participant, beneficiary, fiduciary, or the Secretary of Labor. *See* 29 U.S.C. § 1132(a). In support of this argument, Defendant relies on authority from outside the Sixth Circuit.

However, Defendant's argument runs contrary to a clear holding of the Sixth Circuit:

> *The Plan, as the party before the court, necessarily includes those who must act for the Plan to administer it and to effectuate its policies.... We conclude that the Plan has filed suit as a fiduciary, as it had the authority to do,* in its counterclaim against [the plaintiff]. There was jurisdiction under ERISA, 29 U.S.C. § 1132, for the district court to entertain this controversy.

*Saramar Aluminum Co. v. Pension Plan for Employees of the Aluminum Indus. & Allied Indus. of Youngstown Ohio Metro.*

*Area,* 782 F.2d 577, 581–82 (6th Cir.1986) (emphasis added).

It is quite telling that a Ninth Circuit case, cited by Defendant to support his argument, distinguished the Sixth Circuit's approach:

> The [plaintiff's] urge and adopt the Sixth Circuit's approach to suits brought by plans under ERISA. *See* [*Saramar,* 782 F.2d at 581]. In *Saramar,* the Sixth Circuit concluded that "the Plan, as the party before the court, necessarily includes those who must act for the Plan to administer it and to effectuate its policies." *Id.* Because the Plan's administrators had discretionary control over the Plan, the court determined that "the Plan as a party, then, comes under the ERISA definition of a 'fiduciary.'" *Id* . . . . [H]owever, we are not free to follow the Sixth Circuit and we decline to do so.

*Local 159, 342, 343 & 444 v. Nor–Cal Plumbing, Inc.,* 185 F.3d 978, 983 (9th Cir.1999) (other citations omitted). Unlike Ninth Circuit, however, this Court is not free to decline to follow the Sixth Circuit. Accordingly, under *Saramar,* Plaintiff has standing to bring this ERISA action. 782 F.2d at 581–82.

## IV. RULE 19 ARGUMENT

### A. Legal Standard

To determine whether a case should proceed in the absence of a particular party, "[a] court must first determine 'whether a person is necessary to the action and should be joined if possible.'" *Paine-Webber, Inc. v. Cohen,* 276 F.3d 197, 200 (6th Cir.2001) (quoting *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.,* 181 F.3d 759, 763–64 (6th Cir.1999); citing *Keweenaw Bay Indian Cmty. v. Michigan,* 11 F.3d 1341, 1345 (6th Cir.1993); Fed. R.Civ.P. 19(a)).

Rule 19(a) sets forth two standards for determining if a person is necessary to an action; a person shall be joined as a party in the action if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or
> (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may
>> (i) as a practical matter impair or impede the person's ability to protect that interest or
>> (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a).

"The first joinder standard, which is prescribed in Rule 19(a)(1), is designed to protect those who already are parties by requiring the presence of all persons who have an interest in the litigation so that any relief that may be awarded will effectively and completely adjudicate the dispute." 7 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* § 1604 (2001). The second joinder standard, which is set out in Rule 19(a)(2), "relates to situations in which the action cannot be effectively adjudicated because the absentee claims an interest in the subject matter of the action and disposing of the case in the person's absence may prejudice either those already before the court or the absentee." *Id.*

### B. Analysis

■ Defendant advances two Rule 19 arguments. First, Defendant makes a Rule 19(a)(1) argument that Mr. Chaness should be joined as a party defendant because Mr. Chaness made the erroneous determination of the benefit distribution to

Defendant. Even if this assertion is true, however, the absence of Mr. Chaness will not preclude the complete and effective adjudication of this dispute. That is because Plaintiff did not make any erroneous overpayment to Mr. Chaness. Defendant seems to misunderstand the nature of Plaintiff's suit. Plaintiff is not suing Defendant, as a former trustee, for breach of fiduciary duty. Plaintiff concedes that neither trustee (Defendant and Mr. Chaness) knew that their actions in authorizing the distribution to Defendant were in error. Since this action seeks only the repayment of excess benefits paid to Defendant and since Mr. Chaness has not received any of the excess benefits paid to Defendant nor received any excess benefits from Plaintiff himself, Defendant's Rule 19(a)(1) argument fails.

Second, Defendant also raises a Rule 19(a)(2) argument that Mr. Chaness should be joined as a party plaintiff because Mr. Chaness is a participant in Plaintiff and Defendant could be found liable to Mr. Chaness in a future action involving the same facts and circumstances. However, Defendant has cited no authority under which he could be exposed to double or multiple liability to an individual participant of an ERISA-governed plan for reimbursement. Although an individual participant, such as Mr. Chaness, could bring an action against Defendant under 29 U.S.C. § 1132(a), any monies recovered in such an action would inure to Plaintiff and not to the individual participant. *See Helfrich v. PNC Bank, Ky., Inc.,* 267 F.3d 477, 482 (6th Cir.2001); *Allinder v. Inter–City Prods. Corp.,* 152 F.3d 544, 551–52 (6th Cir.1998); *Adcox v. Teledyne, Inc.,* 21 F.3d 1381, 1390 (6th Cir.1994). Thus, Defendant's Rule 19(a)(2) argument also fails because Defendant could not be found liable to Mr. Chaness in a future action involving the same facts and circumstances.

Furthermore, since Defendant has failed to show that Mr. Chaness is a necessary party under Rule 19(a), any further Rule 19 analysis is unnecessary. *See Paine-Webber,* 276 F.3d at 200–01.

## V. CONCLUSION

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's Motion [docket entry 3] is **DENIED.**

**SO ORDERED.**